## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

**ARLINE TOWNE**                                                                           **PLAINTIFF**

**V.**                                    **4:08CV003585 JMM**

**ARKANSAS VETERAN'S HOME,**
**DAVID FLETCHER, DIRECTOR,**
**in his official capacity as Director of**
**the Arkansas Veteran's Home;**
**MIKE TURNER, INTERIM ADMINISTRATOR,**
**in his official capacity as Interim Administrator**
**of the Arkansas Veteran's Home;**
**ALBERT WILSON, ADMINISTRATOR OF**
**THE ARKANSAS VETERAN'S HOME**                                        **DEFENDANTS**


## ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS

Pending is the Defendants' Motion to Dismiss.  For the reasons set forth below, the

Defendants' Motion to Dismiss is DENIED in part and GRANTED in part.  (Docket # 3).

The United States Supreme Court recently clarified the standard to be applied when

deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Bell Atlantic*

*Corp. v. Twombly*, 127 S.Ct. 1955 (2007).  "While a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1964-65 (internal

citations omitted).  "So, when the allegations in a complaint, however true, could not raise a

claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of

minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct.
at 1966 (internal citations omitted).

Plaintiff filed her Complaint on October 3, 2008 alleging that she was terminated on the
basis of her race and in retaliation for filing a charge of discrimination with the EEOC.   Plaintiff
alleges that Defendants violated her rights under Title VII of the Civil Rights Act of 1964, 42
U.S.C. §1983, 42 U.S.C. §2000 et. seq. and the Fourteenth Amendment to the Constitution of the
United States.   Defendants filed a motion to dismiss claiming that Plaintiff cannot maintain a
Title VII action because it is barred by the statute of limitations.   Alternatively, Defendants argue
that Fletcher, Turner and Wilson are not proper parties in a Title VII action.   Defendants also
claim that in their official capacities they are immune from money damages and the Arkansas
Veteran's Home is not a person subject to suit under §1983.

Plaintiff has responded to Defendants' motion to dismiss and concedes that her Title VII
claim is barred by the statute of limitations.   Plaintiff also concedes that Defendants are immune
from money damages under §1983.   Plaintiff argues that her claims for equitable and injunctive
relief should remain.   Further, Plaintiff asks the Court for leave to file an amended complaint.

<u>§ 1983 Claims</u>

Defendants ask that Plaintiff's claims under § 1983 against the Arkansas Veteran's Home
and the individual defendants in their official capacities be dismissed because they are barred by
sovereign immunity and these defendants are not considered "persons" under § 1983.   Section
1983 claims against the State of Arkansas and its agencies are barred by the Eleventh
Amendment.   *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (citing *Quern v.
Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh*, 438 U.S. 781, 98

S.Ct. 3057, 57 L.Ed.2d 1114 (1978)).  Defendants' Motion to Dismiss Plaintiff's § 1983 claims

against the Arkansas Veteran's Home is GRANTED.

  Damage claims against individual defendants in their official capacities are also barred,

either by the Eleventh Amendment or because in these capacities they are not "persons" within

the meaning of § 1983.  *Murphy*, 127 F.3d at 754 (citing *Will v. Michigan Dept. Of State Police*,

491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).  However, when sued for prospective

injunctive relief, state officials in their official capacities are considered "persons" under § 1983,

and such relief is not barred by the Eleventh Amendment.  *Murphy*, 127 F.3d at 754 (citing

*Treleven v. University of Minn.*, 73 F.3d 816, 819 (8th Cir. 1996)).  Plaintiff argues that her

claims for front pay and back pay should also remain.  However, "front pay is not analogous to

the prospective relief permitted under *Ex parte Young* . . . . [a] front pay award is therefore

barred by the Eleventh Amendment."  *Campbell v. Arkansas Dept. of Correction*, 155 F.3d 950,

962 (8th Cir. 1998) and any award of retroactive monetary relief payable by the state, including

for back pay is proscribed by the Eleventh Amendment.  *See, e.g., Dover Elevator Co.* v.

*Arkansas State Univ.*, 64 F.3d 442,444; *Nevels v. Hanlon*, 656 F.2d 372, 77-378 (8th Cir.1981).

Therefore, Defendants' Motion to Dismiss Plaintiff's § 1983 claims for injunctive relief against

the Defendants in their official capacities is DENIED, and Defendants' Motion to Dismiss

Plaintiff's § 1983 claims for damages, including front pay and back pay, against the Defendants

in their official capacities is GRANTED.

<u>Conclusion</u>

  For these reasons, Defendants' Motion to Dismiss Plaintiff's Title VII claims, § 1983

claims against the Arkansas Veteran's Home and § 1983 claims for damages against the

individual defendants in their official capacities is GRANTED.  Remaining are Plaintiff's claims for injunctive relief against the individual defendants in their official capacities under § 1983. Plaintiff may file a separate motion for leave to file an amended complaint if she wishes to amend her pleadings.

IT IS SO ORDERED this 29th day of January, 2009.


_____
James M. Moody
United States District Judge