# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**ARLINE TOWNE**                                                      **PLAINTIFF**

**V.**                            **4:08CV003585 JMM**

**DAVID FLETCHER, In his official capacity
as Director of the Arkansas Department of
Veteran's Affairs; MIKE TURNER, In his
official capacity as Interim Administrator
of the Arkansas Veteran's Home; ALBERT
WILSON, In his official capacity as
Administrator of the Arkansas Veteran's
Home**                                                             **DEFENDANTS**

## ORDER

Pending is the Defendants' Motion for Summary Judgment.  (Docket # 22).  Plaintiff has filed a response and Defendants have filed a reply.  For the reasons set forth below, the Defendants' motion is DENIED in part and GRANTED in part.

### Brief History

Plaintiff filed her Complaint on October 3, 2008 alleging that she was terminated on the basis of her race and in retaliation for filing a charge of discrimination with the EEOC.   Plaintiff alleged that Defendants violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1983, 42 U.S.C. §2000 et. seq. and the Fourteenth Amendment to the United States Constitution.  Defendants filed a motion to dismiss.

On January 29, 2009 the Court entered an order granting Defendants' Motion to Dismiss Plaintiff's Title VII claims, § 1983 claims against the Arkansas Veteran's Home and § 1983 claims for damages against the individual defendants in their official capacities.  Thereafter,

Plaintiff's claims alleging race discrimination, retaliation and harassment seeking injunctive relief against the individual defendants in their official capacities under § 1983 remained.

As a preliminary matter, the Court finds that Separate Defendant Mike Turner should be and hereby is dismissed.  The only remaining claims are against the individual defendants in their official capacities.  Plaintiff's claims for injunctive relief against Mr. Turner are moot as he is no longer employed as the Administrator of the Arkansas Veteran's Home.  Further, Plaintiff has conceded her claims for harassment and retaliation. Thus, Plaintiff's claim for race discrimination seeking injunctive relief against David Fletcher, in his official capacity and Albert Wilson, in his official capacity remains.

<u>Facts</u>

Plaintiff, Arline Towne, began her employment with the Arkansas Veteran's Home ("AVH") in Little Rock on September 6, 2001 as a Social Worker I.  She was promoted to Social Worker II, Grade 20 in October, 2004.  Defendant, David Fletcher, is the Director of the Arkansas Department of Veteran's Affairs. ("ADVA").  The ADVA is the supervising agency of the AVH in Little Rock.  Mike Turner was the interim Administrator of the AVH, starting in April or May 2007.  He is no longer employed by the AVH.  During his tenure in that position, he had direct supervisory authority over the Plaintiff.  Defendant, Albert Wilson, became Administrator of the AVH on July 16, 2007.  In this position, he had direct supervisory authority over the Plaintiff until her termination.

Plaintiff complains that Fred Rowe, maintenance manager, used an offensive name, "coon ass,"  referring to an African American resident.  Rowe was counseled after this incident. Plaintiff complains that after she wrote up a white employee for tardiness she was removed from her informal position as the supervisor of activities.  Plaintiff also complains that she was

required to clock in and out each day and her predecessor, a white female, was not required to do so.  Plaintiff acknowledges that she was working under a different Administrator than her predecessor and Mr. Turner contends that when he began as Interim Administrator he required everyone to clock in and out.   Mr. Turner also testified in his deposition that he counseled Plaintiff on several occasions regarding her unsatisfactory work performance.  However, Plaintiff argues that her performance evaluations were always satisfactory or above.

Plaintiff was issued her first formal reprimand by Mike Turner on May 8, 2007 for discourteousness to the family of a veteran.  Plaintiff was suspended for three (3) days.  Plaintiff grieved this reprimand and the State Grievance Panel overturned the decision and ordered that Plaintiff receive back pay.   In March, 2007, Plaintiff filed charges of discrimination with the EEOC and amended the charges in May, 2007.

On September 20, 2007, Plaintiff was issued a Class B infraction by Albert Wilson for insubordination for failure to follow the chain of command involving the use of a van for resident purposes.  Plaintiff grieved this reprimand and the State Grievance Panel overturned the decision.

On October 11, 2007, Plaintiff was issued a third Class B infraction for insubordination for failure to notify a resident's family of a staffing meeting.  Plaintiff grieved this reprimand and the State Grievance Panel overturned the decision.

The ADVA terminated the Plaintiff from her position as Social Worker II on October 12, 2007 citing two class B infractions.

Defendants claim that summary judgment is proper as Plaintiff cannot establish facts to support her claim of discrimination.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Discussion

Discrimination claims asserted pursuant to § 1983 "are analyzed under the burden-shifting framework set forth in McDonnell Douglas." *Clegg v. Arkansas Dept. of Correction,* 496 F.3d 922, 926 (8th Cir. 2007). In an action alleging discriminatory discharge, under the McDonnell Douglas framework, a plaintiff first must establish a *prima facie* case by showing that she: (1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) similarly situated employees, who are not members of the protected group were treated differently. *Clark v. Runyon,* 218 F.3d 915, 918 (8th Cir.2000). If the plaintiff establishes a prima facie case, the defendant must articulate a legitimate, nondiscriminatory reason for the action. *Johnson v. Ready Mixed Concrete Co.,* 424 F.3d 806, 810 (8th Cir.2005). If the defendant does so, the plaintiff must offer evidence showing that the defendant's legitimate reason is merely a pretext for discrimination. *Id.*

The Court finds that Plaintiff has presented sufficient evidence to support a prima facie case of discriminatory discharge. Plaintiff is African American, she received satisfactory and higher performance evaluations evidencing that she was meeting the legitimate expectations of her employer, she was terminated and Plaintiff contends that similarly situated employees who were not in the protected group were treated differently.

Plaintiff argues that with regard to each reprimand she received, similarly situated white employees were involved in similar behavior yet were not disciplined. Specifically, Plaintiff alleges her first reprimand for discourteousness to the family of a veteran, was based upon a

letter written by a family member complaining of her behavior in addition to a white employee's behavior yet she was the only employee disciplined.  Plaintiff also claims that when she received a reprimand for failing to follow the chain of command, a similarly situated employee  involved in the incident was not admonished for failing to follow the chain of command.  Finally, Plaintiff argues that with regard to her third infraction, a number to people failed to properly communicate their responsibility, yet she was the only employee disciplined.

Defendants state that Plaintiff was discharged for poor work performance, insubordination and combative attitude.   Although, courts are not permitted to second-guess an employer's personnel decision or to correct an unwise decision if the employer gives an honest, nondiscriminatory explanation for its decision, *Gill v. Reorganized Sch. Dist R-6*, 32 F.3d 376, 379 (8th Cir. 1994), the fact that each of the reprimands upon which Plaintiff's termination was based was ultimately overturned by the State Grievance Panel creates a question of fact as to whether the decision makers  had a good faith belief that the Plaintiff was guilty of conduct justifying the discharge.  *Scroggins v. Univ. of Minn*, 221 F. 3d 1042, 1045 (8th Cir.  2000) (the relevant inquiry is whether the defendant believed the plaintiff was guilty of the conduct justifying the discharge, not whether he was actually guilty).

For these reasons, Defendants' motion for summary judgment is granted as to Plaintiff's claims for harassment and retaliation and as to Defendant, Mike Turner; and is denied as to Plaintiff's claim of discriminatory discharge seeking injunctive relief against Defendants Fletcher and Wilson in their official capacities.

IT IS SO ORDERED this 17th day of July, 2009.

_____
James M. Moody
United States District Judge

6